UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALINA AHMED f/k/a Ruchi Diwan,   CV-13-3353 (CBA)(RER)

               Plaintiff,

   -v.-

SUBZI MANDI, INC., and   **MOTION FOR ENTRY OF DEFAULT**
JAGIR SINGH,   **JUDGMENT AND INCORPORATED**
                               **MEMORANDUM OF LAW**
               Defendants.
---------------------------------------------------------------X

      Plaintiff, Alina Ahmed f/k/a Ruchi Diwan, by her attorney, Arthur H. Forman, moves, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2(b) for the entry of a default judgment in favor of Plaintiff and against Defendants, Subzi Mandi, Inc., and Jagir Singh ("Defendants"), and states:

      1.    On June 12, 2013, Plaintiff filed a complaint for unpaid minimum wages, overtime compensation and other related relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b) as amended, (the "FLSA) and the New York Labor Law; and for unpaid spread of hours compensation under the New York Labor Law. *See,* Complaint (Exh. 1 annexed hereto; ECF Docket No. 1).

      2.    On July 12, 2013, Plaintiff caused Defendants to be served with a summons and copy of the complaint. *See,* Affidavits of Service (Exh. 2 annexed hereto; ECF Docket Nos. 4 and 5).

      3.    As a result, Defendants' responses to the complaint were due on or before August 2, 2013.

      4.    Because Defendants failed to file any paper with the Court or serve any paper

on the undersigned, the Clerk noted the default of Defendants by an entry to the docket on October 11, 2013. (ECF Docket dated 10/11/13 without number).

5. As of the filing of the instant motion, Defendants have not retained counsel, filed any motion or pleading with the Court, or served any papers on the undersigned, in response to the complaint. Accordingly, Plaintiff now requests a default judgment in her favor and against Defendants, Subzi Mandi, Inc., and Jagir Singh.

6. A defendant's default is deemed an admission of all well-plead allegations in the complaint, except as to damages. *Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.,* 973 F. 2d 155, 158 (2d Cir. 1992). Damages must be shown to a reasonable certainty, which may be accomplished without a hearing. *Transatlantic Marine Claims Agency, Inc., Ace Shipping Corp.,* 109 F. 3d 105, 111 (2d Cir. 1997).

7. Plaintiff files an affidavit herewith evidencing the amount of wages Defendants owe her. (*See* Affidavit of Plaintiff in Support of Plaintiff's Motion for Default Judgment). Plaintiff's affidavit is the best evidence of her hours worked as Defendants have failed to participate in this case. Such approximations of hours worked by an employee are acceptable when there are no time records available. See, *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.,* 121 F. 3d 58 (2d Cir. 1997).

8. From August 6, 2012, when Plaintiff started working for Defendants, until April 7, 2013, when her employment ended, the federal minimum wage was $7.25 per hour. 29 U.S.C. §206(a)(1) (2007). During this same period of time, the minimum wage under New York law was the same rate as that under federal law. NY Labor L. §652(1). Plaintiff states in the Complaint and in her supporting affidavit that she always worked more than 40 hours per week, and was only paid $5.00 per hour for all hours she worked. She is therefore entitled to $2.25 more for each of the first 40 hours she worked each week, which equals $90.00 owed per week in unpaid minimum wages.

9. Additionally, federal law requires employees to be paid at lease one and one-half times their regular rate of pay for any hours worked in excess of forty in any one week. 29 U. S. C. §207(a)(1). New York law has the same requirement. 12 NYCRR §142-2.2. Plaintiff was, therefore entitled to be paid $10.88 for each hour she worked over forty in any one week. Plaintiff states in the Complaint and in her supporting affidavit that she worked an average of 56 hours per week. Therefore, Plaintiff worked an average of 16 hours overtime each week, but was only paid $5.00 for each of those 16 hours. She is therefore entitled to an additional $5.88 for each overtime hour she worked, or $94.08 in unpaid overtime for each week she worked.

10. Plaintiff states she worked 35 weeks for Defendants. Therefore, Plaintiff's unpaid overtime and minimum wages total $6,442.80 (*See also,* Affidavit of Plaintiff in Support of Plaintiff's Motion for Default Judgment.)

11. Plaintiff further seeks an award for "spread of hours" pay under the New York Labor Law. The term spread of hours pay refers to the interval of time from the beginning until the end of an employee's workday including all time not spent working. 12 NYCRR §142-2.18. When the interval between the start of an employee's workday and the end exceeds ten hours, New York law requires that the employee "receive one hour's pay at the basic minimum hourly wage rate." *Sosnowy v. A. Perri Farms, Inc.,* 764 F. Supp. 2d 457, 473 (E.D.N.Y. 2011) (quoting 12 NYCRR §142-2.4). Plaintiff states she worked over ten hours one day per week. She therefore seeks 35 hours at $7.25 per hour, total $253.75 in spread of hours pay.

12. Under the FLSA, in addition to unpaid wages, an employee is entitled to liquidated damages equal to 100% of the unpaid minimum wages and overtime owed. 29 U.S.C. §216(b). In FLSA cases, "[D]ouble damages are the norm, single damages are the exception." *Reich v. Southern New England Telecomm Corp.,* 121 F. 3d 58, 71 (2d Cir. 1997). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated

upon reasonable grounds.  *Herman v. RSR Sec. Servs. Ltd.,* 172 F. 3d 132, 142 (2d Cir. 1999).  However, by virtue of their not having responded to Plaintiff's complaint, Defendants fail to meet their burden to oppose the imposition of liquidated damages.  See, *Wicaksono v. XYZ 48 Corp.,* Case No. 10-CV-3635, 2011 U.S. Dist. LEXIS 55771 at *18, 2011 WL 2022644 at *6 (S.D.N.Y. May 2, 2011).  Therefore, Plaintiff seeks $6,442.80 in federal liquidated damages.

13. Since passage of the New York Wage Prevention Act, which was effective April 9, 2011, employees in New York are entitled to liquidated damages equal to one hundred percent of any unpaid minimum wages, overtime and spread of hours pay. N.Y. Labor L. §§198(1-a) and 663(1).  As with federal law, showing that non-payment was willful is required, but will be found upon a defendant's default. *Wicaksano, id.*  The amount of liquidated damages an employee is entitled to receive under New York law is in addition to the amount of federal liquidated damages for unpaid minimum wages and overtime. *Zhong v. Mo*, No. 10-CV-0806 (RER), 2012 WL 2923292 at *8 (E.D.N.Y., July 18, 2012).  Since Plaintiff's employment began after April 2011, she is entitled to 200% of the unpaid overtime and minimum wages as liquidated damages, but only 100% of spread of hours pay in New York liquidated damages. Therefore, in addition to $6,442.80 federal liquidated damages, as claimed in paragraph 12, *supra*, Plaintiff seeks an additional $6,442.80 in New York State liquidated damages for unpaid overtime and minimum wages, along with an additional $253.75 in liquidated damages on her unpaid spread of hours pay.

14 Prejudgment interest may not be awarded in an FLSA action where liquidated damages have been granted*.  Brock v. Superior Care, Inc.*, 840 F. 2d 1054, 1064 (2d Cir. 1988).  However, an FLSA plaintiff may recover prejudgment interest on amounts of state unpaid wages that were not assessed liquidated damages under federal law.  *Santillan v. Henao,* 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011).  Therefore, plaintiff seeks prejudgment interest on the unpaid spread of hours pay.  The interest rate in New York is nine percent per annum. C.P.L.R. §5004.  Courts typically, for simplicity, choose a midway intermediate date

from which to calculate prejudgment interest which has accrued over different periods of time. *Marfia v. J.C. Ziraat Bankasi,* 147 F. 3d 83, 91 (2d Cir. 1998). Plaintiff states she worked from August 6, 2012 to April 7, 2013. Midway would therefore be approximately December 10, 2012. Plaintiff seeks interest at 9% from December 10, 2012 on her claim for $253.75 in spread of hours pay, which totals slightly more than $20.00 as of November 9, 2013.

   15. In addition to the corporate defendant, Subzi Mandi, Inc., Plaintiff seeks judgment against the individual defendant, Jagir Singh. Under the FLSA, an individual is jointly liable as an employer with the corporate owner of a business if the individual was "acting directly or indirectly in the interest of an employer in relation to an employee." 19 U.S.C. §203(d). "Employment for FLSA purposes is a flexible concept to be determined on a case by case basis by review of the totality of the circumstances." *Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F. 3d 132, 141-142 (2d Cir. 2008). The Second Circuit examines the "economic reality" of a particular employment situation to determine who is an employer for FLSA liability purposes, and has considered such factors as whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records. *Barfield id.,* citing *Carter v. Dutchess Community College*, 735 F. 2d 8, 12 (2d Cir. 1984). In her supporting affidavit, at paragraph 11, Plaintiff states that Jagir Singh prepared the payroll, paid the employees each week, ordered Plaintiff to work late and start work early, and had the power to fire her. Plaintiff further states that Jagir Singh arbitrarily delayed paying employees and altered the amounts employees were paid. As such, Jagir Singh determined when employees were paid and the amounts they were paid, and he should be found liable under the FLSA for Plaintiff's unpaid wages.

   16. The New York Court of Appeals has not yet decided whether the test for employer status is the same under the New York Labor Law as under the FLSA. *Irizarry v. Catsimatides*, 722 F.3d 99, 117 (2d Cir. 2013). However, the economic realities test of the

FLSA was favorably cited by one New York intermediate appellate court in *Bonito v. Avalon Partners, Inc.*, 106 A.D.3d 625, 967 N.Y.S.2d 19 (1st Dep't 2013). Plaintiff's statements leave no doubt that Jagir Singh should be held to be an employer for liability purposes under the New York Labor Law. Plaintiff states that defendant, Jagir Singh, paid the employees each week, sometimes arbitrarily underpaying employees or failing to pay them on time. As with the FLSA, the New York Labor Law provides sufficient support to hold Jagir Singh liable for Plaintiff's unpaid wages.

17.     An additional element of Plaintiff's claims is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. §216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceeding to enforce the provisions of the FLSA. A prevailing plaintiff's fees in an FLSA matter are mandatory. See *Barfield v. N.Y. City Health & Hosp. Corp.,* 537 F. 3d 132, 151 (2d Cir. 2008) ("In addition to providing for liquidated damages, the FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs."). New York law similarly provides that the court award attorney fees to a plaintiff who has not been paid wages. *See*, N.Y. Labor L. §663(1). Further, the prevailing party is entitled to attorneys' fees for time spent litigating an attorneys' fee award. See, *Jonas v. Stack* 738 F. 2d 567, 568 (11 Cir. 1985). Therefore, Plaintiff's attorney also seeks fees for his time spent preparing this motion.

18.     The court has "considerable discretion" to set a reasonable hourly rate. *See*, *Arbor Hill concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). Rates which have been found reasonable in the Eastern District have varied from $200 to $375 for partners and $100 to $295 for associates. See, e.g. Melnick v. Press, No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609 at *9 (EDNY Aug. 28, 2009), and Moran v. Sasso, No. 05-CV-4716, 2009 U.S. Dist. LEXIS 56381 at *4 (EDNY July 2, 2009). Plaintiff's counsel, who is a solo practitioner who graduated from law school in 1980, seeks $300 per hour.

19. Where, as in this case, the proceeding has not gone beyond the initial filing of the complaint, the estimate of reasonable attorneys' fees is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Cf. Barfield, supra*, 537 F. 3d at 151-152 (disallowing fees for the time spent by plaintiff's counsel on collective action certification where the court determined that the case never should have been brought as a collective action in the first place).

20. Sworn testimony by counsel that the hours were spent in litigating the case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. See, *Perkins v. Mobile Housing Authority,* 847 F. 2d 735, 738 (11th Cir. 1988).

21. Filed herewith is the affirmation of Arthur H. Forman, Plaintiff's attorney. (*See,* Affirmation in Support of Damage Calculations and Reasonable Attorneys' Fees.) The affirmation contains a certification that the affiant has fully reviewed the time records of attorney's hours spent in pursuing Plaintiff's claim, and that the hours claimed are well grounded and justified. The total fees for Arthur H. Forman which Plaintiff seeks is $4,470.00 (14.9 hours times $300.00 per hour) plus costs of $450.00 (representing the $400.00 filing fee and a $50.00 fee for service of summons and complaint).

22. By executing this Motion, counsel for Plaintiff certifies that he has fully reviewed the time record and supporting data in support of such Motion and that this Motion is well grounded in fact and justified.

23. Plaintiff has collected no funds in either partial or full satisfaction of the judgment sought.

WHEREFORE, Plaintiff requests the entry of a Final Judgment in her favor and against Defendants in the total amount of $24,775.90 (representing unpaid minimum wages and overtime, federal liquidated damages on unpaid overtime and minimum wages, spread of

hours pay, state liquidated damages on unpaid overtime and minimum wages and spread of hours pay, interest on spread of hours pay, attorneys' fees, and costs).

Dated: November 1, 2013
       Forest Hills, New York                                               /S/
                                                                             Arthur H. Forman
                                                                             98-20 Metropolitan Avenue
                                                                             Forest Hills, New York 11375
                                                                             (718) 268-2616
                                                                             *Attorney for Plaintiff*